Judge Robertson
delivered the opinion of the Court.
On the 16th of November, 1822, Secrest let Turner have $200 in notes on the Bank of the "Commonwealth, and $50 in specie, in consideration of which, Turner delivered to him a negro boy, for whom he gave a bill of sale, absolute on its face, purporting to be for the consideration of $300.
At the same time Secrest executed to Turner an instrument, in the nature of a defeasance, whereby he agreed to restore the boy to Turner, provided he should pay to him, on or before the 1st of August, 1823, $210 in Commonwealth’s paper, and $100 in specie.
The circuit court decreed that the contract was a mortgage,and nota sale; and whether this decision be right or wrong, is the only question presented by the assignment of errors.
This contract is unlike that in the case of Gray vs. Prather, (II. Bibb, 224,) in several important and characteristic features. In the case reported, the *472 slave was sold and delivered, at more than his value, to discharge a pre-existing debt, which was well secured by replevin bond. It would not* therefore, have been reasonable, to construe the promise to re-deliver the slave, on the re-payment of the consideration, to be a mortgage to secure a debt, which was before secured much better.
Depew, for appellant; Wickliffe and Wooley, for ap-pellee.
But in this case there was no debt. Turner was pressed for money; Secrest bad it. He advanced it in depreciated paper, described in the bill of sale as money. Simultaneously with the advance of the money, and execution of the;bil! of sale, he covenanted to re-deliver the boy, on the payment of a much larger sum than he had given. This case resembles that of Skinner vs. Miller, (V. Littell’s Reports, 84,) more than it does that of Gray vs. Prather.
Courts of equity will be inclined to construe contracts to be mortgages, rather than sales, whenever their real character may be doubtful.' And they will always treat as mortgages, conveyances which were designed as securities for money.
We should, therefore, be strongly inclined to consider the contract in this case, a mortgage on its face. The parol evidence would fortify the reasons for this construction.
Wherefore, the decree is affirmed.